UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X
                                                            :

  UNITED STATES OF AMERICA                  :

                - v. -                     :

                                           :         14 Cr. 130 (LAP)

  JAMAL DEHOYOS,                          :

                      Defendant.            :

                                               :

-------------------------------------------------------------------------------X

## **SENTENCING SUBMISSION**

JOON H. KIM
Acting United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Richard Cooper
Andrea Griswold
Assistant United States Attorneys
- Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X
                                              :

  UNITED STATES OF AMERICA                   :

                      - v. -                    :

  JAMAL DEHOYOS,                          :           14 Cr. 130 (LAP)

                          Defendant.           :

                                                :
---------------------------------------------------------------------------X

## THE GOVERNMENT'S SENTENCING SUBMISSION

      Jamal Dehoyos (the "defendant," or "Dehoyos") is scheduled to be sentenced in this matter on October 23, 2017, at 10:00 a.m.  The Government respectfully submits this memorandum in advance of the sentencing and in response to the defendant's memorandum, dated October 10, 2016 ("Def. Mem."), in which the defendant requests that the Court impose a sentence of imprisonment of 24 months, a downward variance both from the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of 51 to 63 months contemplated by the parties in the plea agreement, and from the Guidelines range of 63 to 78 months calculated by the United States Probation Department ("Probation") in the Presentence Investigation Report ("PSR").  For the reasons explained below, the Government respectfully submits that a sentence of imprisonment within the Guidelines range contemplated by the parties would be appropriate.

## A.    Factual Background

      The defendant was a member of a violent robbery crew that targeted jewelry stores up and down the East Coast of the United States and used violence, force, and intimidation to rob jewelry stores.  As described in the PSR, the defendant and his co-conspirators entered jewelry stores during business hours when customers and employees were present, targeted high-end watch display cases inside those jewelry stores, removed concealed hammers and smashed the

display cases.  PSR ¶ 31.  The robbers grabbed as many watches as they were able and then fled

from the stores into waiting cars.  (Id.).

The defendant himself personally participated in one of the robberies that was a part of

this robbery pattern.  On January 9, 2014, at least four robbers from the crew robbed the Martin

Jewelers store in Cranford, New Jersey. (PSR ¶ 32).  One of the robbers smashed the case where

luxury watches were displayed, and the robbers grabbed several high-end watches worth

approximately $36,000 and fled. (Id.).  During the course of the robbery, the store's owner

discharged a firearm in defense of the store. (Id.).  The defendant served as a driver in that

robbery, and used his car to drive other robbers to and from Cranford in order to participate in

the robbery.

**B.      Procedural History and Guidelines Range**

On October 29, 2014, a superseding indictment was filed, charging Dehoyos with

conspiracy to commit Hobbs Act robbery, and one substantive count of Hobbs Act robbery.  In

February 2016, after evading arrest for over a year, Dehoyos was arrested by the United States

Marshals.  On May 16, 2016, Dehoyos pled guilty to Count One of Indictment S4 14 Cr. 130

(LAP), which charged him with conspiracy to commit Hobbs Act robbery.

**C.      The Presentence Investigation Report and Guidelines Sentence Recommendation**

The Government has reviewed the PSR submitted by the United States Probation

Department ("Probation") and has no objections to the factual components of the PSR.

Pursuant to the PSR, the defendant's adjusted offense level, after taking into account

increases for the use of a dangerous weapon (i.e., a sledgehammer) during the course of the

robbery and for the value of the jewelry that was stolen, is 25. (PSR ¶¶ 54-60).  Pursuant to

U.S.S.G. §  3E1.1, a three-level reduction in the offense level is warranted based on the

defendant's acceptance of responsibility. (PSR ¶¶ 62-63).  Accordingly, the total offense level is 22. (PSR ¶ 64).

In the plea agreement, the parties had calculated five criminal history points, based on three points for the defendant's June 14, 2007 conviction for criminal possession of a weapon and his subsequent sentence on that conviction, as well as two points because the defendant committed the instant offense while on parole.  As a result, the parties contemplated that the defendant's Criminal History Category would be III, and therefore that his Guidelines range would be 51 to 63 months.

Probation, however, identified a youthful offender adjudication that adds three criminal history points.  That adjudication is based on a guilty plea to attempted criminal possession of a weapon in 1993 and an initial sentence of five years' probation, which was later changed to 16 months to four years of imprisonment in February 1998 after the defendant's probation was revoked.  (PSR ¶ 67).  The PSR contains a notation suggesting that the defendant was paroled after that revocation on July 6, 2000.

Defense counsel contends that this youthful offender conviction should not count for criminal history purposes under the Guidelines because (a) it is too old and therefore should not count under U.S.S.G. § 4A1.2(e)(3); (b) the conviction is not an adult conviction and therefore should not result in criminal history points; and (c) treating it as a criminal conviction for Guidelines purposes would violate the defendant's Due Process rights.  While the Government disagrees with respect to the substantive arguments that counsel advances with respect to the nature of this conviction, it does appear that there is not a sufficient record to establish that the defendant was incarcerated within 15 years of his participation in the instant offense, and

therefore this youthful offender conviction should not be included in the defendant's criminal history calculation.

## DISCUSSION

**A.      Applicable Law**

The United States Sentencing Guidelines still provide strong guidance to the Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).  As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark."  Gall v. United States, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (2) the four legitimate purposes of sentencing, as set forth below, see id. § 3553(a)(2); (3) "the kinds of sentences available," id. § 3553(a)(3); (4) the Guidelines range itself, see id. § 3553(a)(4); (5) any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); (6) "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and (7) "the need to provide restitution to any victims," id. § 3553(a)(7).  See Gall, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)      to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)      to afford adequate deterrence to criminal conduct;
(C)      to protect the public from further crimes of the defendant; and
(D)      to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

**B.      A Guidelines Sentence is Appropriate**

The Government respectfully submits that an application of the factors set forth in 18

U.S.C. § 3553(a) to this case weigh in favor of a sentence within the Guidelines range of 51 to 63

months, in order to reflect the seriousness of the offense, promote respect for the law, and

provide just punishment for the offense; and to afford adequate deterrence to criminal conduct.

The defendant was a key member of a violent robbery crew that targeted crowded stores during

daylight hours, and carefully planned and executed violent robberies using weapons to

accomplish their objectives.

**First**, a Guidelines sentence is appropriate to reflect the seriousness of the offense, to

promote respect for the law, and to provide just punishment for the offense.  18 U.S.C.

§ 3553(a)(2).  That the conduct was both serious and dangerous cannot seriously be disputed.

The defendant participated in a robbery during which his co-conspirators entered a jewelry store

during the middle of the day carrying concealed sledgehammers, and used those hammers to

smash glass display cases.  Customers were terrorized, and during this robbery, as Dehoyos's co-

conspirators were smashing display cases and attempting to grab as many watches as they could,

the store owner discharged a firearm in their direction.  Although no one was hit by the firearm,

in different circumstances, a customer, employee, or robber could have been seriously injured or

killed.

The defendant attempts to minimize his role in the robbery conspiracy more generally,

and this robbery in particular, by portraying his younger brother as the one who got him involved

in the instant offense, and by misrepresenting his brother as having been "involved in a string of

robberies with his friends." (Def. Mem. at 12).  However, the defendant himself had been friends

with Sean Robinson, the leader of his robbery crew.  In January 2014, Robinson approached the

defendant in order to determine whether the defendant was willing to participate in a jewelry

store robbery.  This was not a case of the defendant "perhaps trying to help his brother."  (<u>Id.</u>).  The defendant was a knowing and willful participant in this offense.

The defendant also attempts to minimize his role by noting that he did not enter the store, but instead stayed back in the car and drove to and from the robbery.  (Def. Mem. at 12).  However, as the Court is aware from prior proceedings in this case, the leaders of this conspiracy did not enter the stores.  They stayed back and waited in cars outside or near to the stores, while lower-level participants took the greatest physical risk by entering the stores to commit these robberies.  While the defendant was not a leader of the conspiracy, it is inaccurate to say that he occupied a lesser role because he did not enter the stores.

**Second,** a substantial sentence is necessary to afford adequate deterrence and to protect the public from future crimes of this defendant.  *See* 18 U.S.C. § 3553(a)(2)(B)-(C).  The defendant's criminal history is lengthy and serious, and includes two weapons convictions.  He recently served a six-year sentence after a conviction for conduct that involved shooting a firearm at another individual, and committed the instant offense while on parole from that conviction.  Prior sentences of imprisonment have apparently done nothing to engender a respect for the law or willingness to lead a law-abiding life.

**Third**, a Guidelines sentence would avoid unwarranted sentencing disparities.  Among the defendants' co-conspirators who pled guilty and were sentenced in this case:

- Terrell Ratliff was sentenced by the Honorable Robert P. Patterson to 33 months of imprisonment, the low-end of Ratliff's applicable guidelines range. Ratliff had pled guilty to participating in one robbery;

- Allen Williams was sentenced by Your Honor to 108 months of imprisonment, again the low-end of the guidelines range. Williams had pled guilty to participating in four robberies;

- Sean Robinson, the leader of this conspiracy who pled guilty to participating in six robberies, was sentenced by Your Honor to 240 months of imprisonment, a Guidelines sentence;

- Ryan Campbell, who was sentenced on a consolidated basis by the Honorable Shira A. Scheindlin in connection with the instant case, where he pled guilty to participating in one robbery, and a separate fraud case, was sentenced to 94 months of imprisonment, a Guidelines sentence;

- Kendal Thompson was sentenced by Your Honor to 60 months of imprisonment, below the applicable Guidelines range.  Thompson pled guilty to participating in one robbery; and

- Courtney Hardin was sentenced by Your Honor to 60 months of imprisonment, below the applicable Guidelines range.

All of these defendants, with the exception of Thompson and Hardin, received sentences within the applicable Guidelines ranges.  Dehoyos's circumstances are no different, and sentencing him to a term of imprisonment within the Guidelines range would not create an unwarranted sentencing disparity.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court impose a Guidelines sentence of 51 to 63 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Dated:  New York, New York
          October 19, 2017

                                        Respectfully submitted,

                                        JOON H. KIM
                                        Acting United States Attorney


                                  By:   /s/ Richard Cooper
                                        Richard Cooper
                                        Andrea Griswold
                                        Assistant United States Attorneys
                                        Tel.: (212) 637-1027/1205